UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>Defendants. | No. 2:16-cv-1691 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Application to Proceed In Forma Pauperis

Plaintiff requests leave to proceed in forma pauperis.[1] See ECF No. 2. However, because the undersigned recommends summary dismissal of this action, it does not consider the merits of plaintiff's request and therefore imposes no fee.

II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Plaintiff has not filed a fully completed in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee. ECF No. 2. See 28 U.S.C. §§ 1914(a), 1915(a).

1

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

   III.   Complaint

Based upon the contents of a letter dated May 31, 2016, plaintiff alleges that his privacy rights have been violated as the result of the theft of an unencrypted, password-protected laptop from the personal vehicle of a California Correctional Health Care Services (CCHCS) employee on February 25, 2016. ECF No. 1 at 3-4, 6; ECF No. 7 at 1-2, 4. The notification stated as follows:

> We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information. If your information was included, the nature of the information may have included confidential medical, mental health, and custodial information. To the extent any sensitive information may have been contained in the laptop, we estimate that it would have been limited to information related to your custody and care, if any, between 1996 and 2014.

ECF No. 7 at 4.

Plaintiff alleges that this potential breach violated his rights under California's Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code §§ 56 et seq., and constituted a violation of his Fourth Amendment privacy rights. ECF No. 1 at 3; ECF No. 6; ECF No. 7 at 1-2. Plaintiff names CCHCS, the Director of CCHCS, and "Jon/Jane Doe" (the CCHCS employee from whose vehicle the laptop was stolen) as defendants. ECF No. 1 at 1-2. Plaintiff alleges he is now exposed to potential identity theft as a result of defendants' negligence. Id. at 3; ECF No. 6; ECF No. 7 at 1-2. Plaintiff seeks $500,000 in damages.[2] ECF No. 1 at 4. Plaintiff avers that no prison administrative remedy was "available" to him to grieve this matter because it involved "a private entity that there is no procedure for." Id. at 2; see 42 U.S.C. § 1997e(a) (the Prison

---

[2] In plaintiff's affidavit submitted in support of his complaint, he seeks $1,000,000 in compensatory damages and $2,000,000 in punitive damages. ECF No. 7 at 2.

Litigation Reform Act (PLRA) requires that prisoners exhaust all available administrative remedies before commencing a civil suit).

### IV.     Analysis

#### A.     Eleventh Amendment

Defendant CCHCS is not a proper defendant.  State agencies, such as the California Department of Corrections and Rehabilitation (CDCR) and CCHCS, are immune from suit under the Eleventh Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

#### B.     Standing

The speculative allegations of the complaint fail to establish that plaintiff has standing because he cannot show an injury-in-fact.

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.1999).  The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing.  Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution.  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997))).  To satisfy Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to

the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

To the extent plaintiff may be attempting to bring a claim pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which requires the confidentiality of medical records, "HIPAA itself does not provide for a private right of action." Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")). However, the Ninth Circuit has held that the constitutional right to informational privacy extends to medical information. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)). In this case, however, the disclosure of plaintiff's medical information, and therefore any injury, is entirely speculative.

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted). Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's

5

information is contained therein, is unknown. ECF No. 7 at 4. In other words, whether plaintiff's sensitive information has even been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information and his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing. See Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

### C. State Law Claims

The complaint also alleges violations of California's CMIA. The CMIA authorizes a suit for money damages by "an individual . . . against a person or entity who has negligently released confidential information or records concerning him or her." Cal. Civ. Code § 56.36(b). To the extent plaintiff alleges violations of California Health and Safety Code § 1280.15, that statute does not appear to authorize a private action, but requires notification of any unlawful or unauthorized access of a patient's medical information and authorizes the State Department of Health Services to issue administrative penalties for failing to prevent such access. In any case, the CMIA and § 1280.15 are state laws and do not provide a basis for federal jurisdiction. Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff ] to demonstrate a violation of federal law, not state law."). Because plaintiff has failed to state a cognizable claim for relief under federal law, this court should decline to exercise supplemental jurisdiction over plaintiff's putative state law claims.[3] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

### V. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see

---

[3] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

6

1 also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
2 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
3 clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
4 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
5 that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
6 Cato, 70 F.3d at 1005-06.

7   The undersigned finds that, as set forth above, plaintiff lacks standing and that amendment
8 would be futile because the notification plaintiff bases his allegations on establishes only
9 speculative injury that is neither real nor immediate.  Because plaintiff lacks standing to pursue
10 his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's
11 state law claims and dismiss the complaint in its entirety.

12   VI.   Summary

13   The undersigned recommends that the complaint be dismissed without prejudice because
14 the facts show only that plaintiff's sensitive information might have been stolen and the letter he
15 relies on establishes that he will not be able to show that his information was actually stolen
16 because it is not known what was on the laptop.  Plaintiff's injury is therefore too speculative to
17 support a claim.  If plaintiff's federal claims are dismissed, the court should also decline
18 jurisdiction of the state law claims and dismiss them.

19   In accordance with the above, IT IS RECOMMENDED that this action be dismissed
20 without prejudice.

21   These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
23 after being served with these findings and recommendations, plaintiff may file written objections
24 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
25 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
26 ////
27 ////
28 ////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE